FILED
2009 Jun-19 AM 08:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | Case No.  2:08-cv-00285-HGD |
| ALABAMA DEPARTMENT OF REVENUE, et al., | ) ) ) | |
| Defendants | ) | |

## **MEMORANDUM OPINION**

The above-entitled civil action is before the court on the motion for summary judgment filed by defendants Alabama Department of Revenue and Tim Russell, Commissioner of the State of Alabama Department of Revenue. (Doc. #31). Plaintiff has not filed opposition to the motion for summary judgment.

Defendants seek summary judgment in their favor with respect to all claims asserted by plaintiff, Norfolk Southern Railway Company (Norfolk Southern). Defendants rely on the record in this action, the April 9, 2008, order of the court (Doc. #17), and the opinion of the Eleventh Circuit Court of Appeals entered

December 11, 2008, issued as mandate January 9, 2009, which affirmed this court's denial of plaintiff's motion for a preliminary injunction (Doc. #29).

The complaint filed by Norfolk Southern alleges in essence that the State of Alabama's imposition on plaintiff of a sales or use tax on the purchase or consumption of diesel fuel in Alabama violates the Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. § 11501 (4-R Act). It is further alleged that by contrast, carriers by on-road motor vehicles and carriers by ship, barges, and other vessels engaged in interstate commerce are exempt from sales or use tax on their purchase or consumption of diesel fuel in Alabama. Plaintiff asserts that as a result, railroads are treated less favorably than their principal competitors, thus subjecting railroads to tax discrimination in violation of 49 U.S.C. § 11501(b)(4). Plaintiff sought a preliminary injunction and a permanent injunction prohibiting the levy and collection of sales or use taxes on its purchases or consumption of diesel fuel within the State of Alabama.

By order entered April 9, 2008, this court denied plaintiff's motion for a preliminary injunction. The court adopts for the purpose of this Memorandum Opinion the statement of undisputed facts set out in that order. In its opinion, the Eleventh Circuit Court of Appeals held that Alabama's sales or use tax on the

purchase or consumption of diesel fuel in Alabama[1] does not violate the 4-R Act. Norfolk Southern contended that the exemptions for motor and water carriers from the Alabama fuel sales and use tax on diesel fuel are discriminatory in violation of the 4-R Act. However, the Eleventh Circuit rejected that claim:

> . . . under the 4-R Act, as interpreted and applied by the Supreme Court, a state remains free to exempt certain transactions or entities from generally applicable taxes, such as the sales and use tax at issue here, as long as the state does not target railroads for discriminatory treatment. Thus, because we agree with the district court's ultimate conclusion that Norfolk cannot succeed on the merits of its underlying action, we affirm the district court's order denying Norfolk a preliminary injunction.
>
> * * * * *
>
> Accordingly, we conclude that Norfolk would not succeed on the merits of its case. Consequently, we also conclude that the district court did not abuse its discretion in denying the preliminary injunction, and the district court's denial of the preliminary injunction is **AFFIRMED**.

(Doc. #29 at 13, 25).

Under the law-of-the-case doctrine, "the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & The Other Gift And Tobacco, Inc. v. Cobb County*, Ga., 439 F.3d 1275, 1283 (11th Cir. 2006) (per curiam) (internal quotation marks omitted). *See also Agostini v. Felton*, 521 U.S. 203, 236, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997) ("a court should not reopen issues decided in

---

[1] *Ala. Code* §§ 40-23-2(1) and 40-23-61(a).

earlier stages of the same litigation"); *Wyoming v. Oklahoma*, 502 U.S. 437, 446, 112 S.Ct. 789, 796, 117 L.Ed.2d 1 (1992) (prior rulings in cases "should be subject to the general principles of finality and repose, absent changed circumstances or unforeseen issues not previously litigated"); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1313 (11th Cir. 2000) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."). The ruling of the Eleventh Circuit Court of Appeals is dispositive of all issues in this case and establishes that there is no genuine issue of material fact precluding the grant of summary judgment in favor of defendants.

Based on the foregoing, the court finds that defendants' motion for summary judgment is due to be granted and this action is due to be dismissed with prejudice. A separate Final Judgment in conformity with this Memorandum Opinion will be entered contemporaneously.

DONE this 18th day of June, 2009.

_/s/ Harwell G. Davis, III_
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE